**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| LEON BERNARD WILLIAMS,<br>    Appellant, | DOCKET NUMBER<br>DC-1221-24-0748-W-1 |
| v. | |
| DEPARTMENT OF HOMELAND<br>    SECURITY,<br>        Agency. | DATE:  June 4, 2026 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Leon Bernard Williams</u>, Atlanta, Georgia, pro se.

<u>Linda M. Aragon</u>, Esquire, and <u>Shari Manasseh Ohri</u>, Esquire, Washington, D.C., for the agency.

<u>Ivonne Cruz Serrano</u>, Esquire, Guaynabo, Puerto Rico, for the agency.

## BEFORE

Henry J. Kerner, Vice Chairman
James J. Woodruff II, Member

## FINAL ORDER

The appellant has filed a petition for review of the initial decision, which dismissed his individual right of action (IRA) appeal without prejudice to refiling.  Generally, we grant petitions such as this one only in the following

---

[1]  A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board 's case law.  *See* 5 C.F.R. § 1201.117(c).

circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b). We FORWARD this matter to the Washington Regional Office for docketing and adjudication as a refiled appeal.

On July 3, 2024, the appellant filed a complaint with the Office of Special Counsel (OSC) asserting that the agency constructively removed him in retaliation for engaging in protected whistleblower activity. Initial Appeal File (IAF), Tab 1 at 10, Tab 3 at 19-26, 39-40. On July 22, 2024, OSC advised the appellant that it was terminating its inquiry and provided him with notice of his right to file an IRA appeal and seek corrective action from the Board. IAF, Tab 3 at 39-40. The appellant timely filed the instant IRA appeal. IAF, Tab 1. Because he alleged that his participation in an equal employment opportunity (EEO) investigation was a contributing factor in the agency's decision to take personnel actions against him, the administrative judge dismissed the appeal without prejudice to refiling, pending the Board's reconsideration decision or the U.S. Court of Appeals for the D.C. Circuit's decision in *Reese v. Department of the Navy*, 2025 MSPB 1. IAF, Tab 3 at 19-26, 39-40, Tab 14, Initial Decision (ID). He advised the appellant that he could refile his appeal no later than 45 days after the *Reese* reconsideration decision. ID at 2.

The appellant has filed a petition for review arguing that the administrative judge abused his discretion in dismissing the appeal because it unfairly prejudices him. Petition for Review (PFR) File, Tab 1 at 6-9.[2] Specifically, he asserts that it requires him to monitor the Board's public decisions to determine whether and when the reconsideration decision in *Reese* is issued, and then to calculate and meet a new 45-day refiling deadline. *Id.* He further contends that dismissal needlessly delays resolution of his case and undermines fairness and administrative efficiency by requiring a new proceeding. *Id.* The agency has responded, and the appellant has replied. PFR File, Tabs 3-4.

An administrative judge has wide discretion to dismiss an appeal without prejudice in the interests of fairness, due process, and administrative efficiency, and he may order such a dismissal at the request of one or both parties, or to avoid a lengthy or indefinite continuance. *Thomas v. Department of the Treasury*, 115 M.S.P.R. 224, ¶ 7 (2010). Here, the appellant alleged that he challenged the denial of his reasonable accommodation request and participated in an EEO investigation related to his denial. IAF, Tab 3 at 19-26, 39-40. In *Reese*, 2025 MSPB 1, ¶¶ 44-52, the Board held that disclosures concerning alleged violations of Title VII may constitute protected activity under 5 U.S.C. § 2302(b)(9)(C) if made to a covered entity. In *Holman v. Department of the Army*, 2025 MSPB 2, ¶¶ 12-13, the Board expanded that holding and held that communications with an agency's EEO office, whether formal or informal, constitute protected activity within the definition 5 U.S.C. § 2302(b)(9)(C).

---

[2] The appellant has filed a motion for leave, seeking to supplement his petition for review to "elaborate on the legal errors in the [i]nitial [d]ecision and present arguments concerning a pattern of agency misconduct that has obstructed the fair adjudication of this appeal." PFR File, Tab 7 at 4. However, he does not identify any such errors or arguments. *Id.* Therefore, we deny the appellant's motion for leave. *See Russo v. Veterans Administration*, 3 M.S.P.R. 345, 349 (1980) (finding that the Board will not grant a petition for review based on new evidence absent a showing that it is of sufficient weight to warrant an outcome different from that of the initial decision); 5 C.F.R. § 1201.114(a)(4).

Thus, we agree with the administrative judge that *Reese* and *Holman* apply to the appellant's claim.  ID at 2.  As the administrative judge correctly explained, at the time he issued the initial decision, there was a reconsideration request pending before the Board and a request for judicial review pending before the D.C. Circuit in *Reese*, and the outcome of those cases could have impacted the adjudication of the appellant's claim.  ID at 2.  Therefore, we discern no abuse of discretion in the administrative judge's decision to dismiss the appeal without prejudice to refiling on that basis.[3]

Because *Reese* has been resolved and the appeal has not been refiled, we forward the appeal to the Washington Regional Office for docketing and adjudication as a refiled appeal.

### NOTICE OF APPEAL RIGHTS[4]

You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should

[3] After the initial decision was issued in this appeal, the employee in *Reese* withdrew her petition for judicial review before the D.C. Circuit, the Member issued a lack of quorum order, and the original *Reese* decision became the Board's final decision, which the Government did not appeal further to the U.S. Court of Appeals for the Federal Circuit.  *Reese v. Department of the Navy*, No. 25-1102, 2025 WL 2793121 (D.C. Cir. Sep. 30, 2025); *Reese v. Department of the Navy*, MSPB Docket No. DC-1221-21-0203-R-1, Order (Nov. 19, 2025).  Thus, the basis for the dismissal without prejudice has since been resolved.

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) <u>Judicial review in general</u>**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(B).

---

[5] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:         _____
                      Gina K. Grippando
                      Clerk of the Board
Washington, D.C.